## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| CLARENCE SAMUEL YOUNG, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.: <u>09-CV-2369 EFM/KMH</u> |
| | ) | |
| *v.* | ) | |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| | ) | |
| *Defendant.* | ) | |

# COMPLAINT

Clarence Samuel Young ("the plaintiff") brings this action for personal injuries he sustained while working for the Union Pacific Railroad Company ("the defendant").  For his complaint, the plaintiff states as follows:

### A.    The Parties, Jurisdiction and Venue

1.    The plaintiff brings this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.* This Court has jurisdiction under 45 U.S.C. § 56 and 28 U.S.C. § 1331.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

2.    The plaintiff is a resident of Council Grove in Morris County, Kansas.

3.    The defendant is a corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States.  At all times relevant to this complaint, the defendant has conducted business in the State of Kansas and in this judicial district.  The defendant's registered

agent for service of process is: The Corporation Company, Inc., 515 S. Kansas Ave., Topeka, KS 66603.

## B.   The Plaintiff's Injuries and Damages

4.     This lawsuit involves two distinct injuries to the plaintiff: (a) repetitive trauma injuries he has sustained to both knees over the course of his entire career working for the defendant; and (b) a specific left-knee injury that he sustained in the city of Salina in Saline County, Kansas while working for the defendant in September 2007.

5.     During the plaintiff's career, he was exposed to repetitive, unsafe and injurious working conditions, including the practice or jumping on and off moving equipment, walking on large ballast in the absence of flat walking surfaces along the defendant's railroad tracks, and tripping over debris in the defendant's rail yards.

6.     During the entire course of his career, the plaintiff had little or no training in ergonomics or proper body mechanics.  He also had no training in the identification and prevention of repetitive trauma injuries.

7.     The work described in paragraph 5 has caused the plaintiff to suffer serious and debilitating knee injuries that required surgical repair, and have rendered him occupationally disabled.

8.     On September 5, 2007, while in or near the city of Salina in Saline County, Kansas, the plaintiff was injured when he slipped on loose ballast as he disembarked a locomotive and walked toward a passenger van operated by one of the defendant's agents.

9.     As a result of his injuries, the plaintiff has been damaged in the following ways: past (and possible future) surgery, other medical treatment and physical therapy; permanent loss of strength, use and function of his knees and legs; permanent weakness, diminishment and

impairment of his body, general health and strength; physical pain; and lost wages and lost fringe benefits (both past and future); and inability to perform household services.

### C.     The Defendant's Liability

10.     At all times relevant to this complaint, the defendant had a legal duty under FELA to provide the plaintiff with proper training, safe working conditions, properly working equipment, safe tools and appliances, and safe methods of work.

11.     The defendant (through the acts of its officers, agents, servants and/or employees other than the plaintiff) failed to carry out these responsibilities, thereby breaching its duty to the plaintiff in the following respects (a) by failing to provide the plaintiff with adequate training, equipment, or working conditions; (b) by failing to properly warn the plaintiff that certain repetitive tasks may cause injuries similar to or the same as those suffered by the plaintiff; (c) by failing to promulgate, follow and enforce reasonable rules, customs, practices, policies and procedures for the protection of the plaintiff; (d) failing to provide the plaintiff with proper walking surfaces adjacent to its tracks to minimize his physical burden and risk of injury; (e) requiring the plaintiff to work beyond his reasonable physical abilities; and (f) requiring the plaintiff to perform the tasks described this complaint while it knew or had reason to know that such tasks were reasonably likely to cause injury to its employee—including the plaintiff.

12.     The defendant was negligent in each and every one of the respects outlined in this complaint.  That is because the defendant knew, or by the exercise of ordinary care should have known, that in each alleged failure it was reasonably likely that the plaintiff and other employees would suffer bodily injury.

13.     The defendant, in each of its negligent acts alleged in this complaint, has violated FELA.

14.     The injuries and damages alleged in this complaint were caused in whole or in part by the defendant's negligence and violation of FELA.

### D.     Request for Relief

15.     The plaintiff seeks a judgment and award of damages in an amount that is fair and reasonable to compensate him for the injuries he has suffered and will continue to suffer because of the defendant's negligence.  These injuries include the following economic and non-economic injuries and losses: (a) his past and future pain and suffering – both physical and mental; (b) the impairment of his ability to perform usual activities; (c) disfigurement caused by his injuries; (d) aggravation caused to any preexisting condition; (e) the reasonable value of necessary medical care received and expenses incurred as a result of his injuries; (f) the present cash value of medical care and expenses reasonably certain and necessary to be required in the future; (g) the reasonable value of the past earnings lost as a result of the injury; (h) the present cash value of the future earning capacity lost because of the injury, taking into consideration the earning power, age, health, life expectancy, mental and physical abilities, habits, and disposition of the plaintiff, and any other circumstances shown by the evidence; (i) the reasonable value of necessary services provided by another in doing things for the plaintiff, which, except for the injury, the plaintiff would ordinarily have performed; and (j) the present cash value of such services reasonably certain to be required in the future; (k) all pre-judgment and post-judgment interest allowed by law; (l) all relief allowed under FELA not specifically requested in this complaint; (m) for his costs to bring this action; and (n) for all other relief deemed just and proper by this Court.

### E.     Jury Trial Demand and Designation

16.     Under Fed.R.Civ.P. 38, the plaintiff demands a trial by jury.  Under Local Rule

40.2, he designates Kansas City, Kansas as the place for trial.


Respectfully submitted,


HUBBELL PEAK O'NEAL NAPIER & LEACH
*Attorneys for Plaintiff*

Jarrett A. Johnson (D. Kan # 78021)
Union Station – Suite 350
30 West Pershing Road
Kansas City, Missouri 64108
Telephone:     816-221-5666
Facsimile:      816-221-5259